# United States Bankruptcy Court
## for the District of Oregon

**Frank R. Alley, III, Judge**
Barbara D. Ivey, Judicial Assistant
Lee D. Brice, Law Clerk

151 West Seventh Ave., Suite 300
Post Office Box 1335
Eugene, Oregon 97440
(541) 465-6767
FAX: (541) 465-6898

August 16, 2005

Mr. Gary Scharff
621 Sw Morrison St., Suite 1300
Portland, OR 97205

Mr. David Mills
115 West 8th Avenue, Suite 280
Eugene, OR 97401

Ms. Christine Kosydar
900 SW 5th Avenue, Suite 2600
Portland, OR 97204

RE:    Case No. 04-70024-fra7        GEORGE G. NELSON

Dear Counsel:

Debtor's letter of August 10, 2005  seeks reconsideration of the Court's ruling from the bench on August 9.  While a motion in the proper form would have been preferable, the Court will treat the correspondence as a motion for relief from the order pursuant to Fed.R.Bankr.P. 9024.  The motion will be denied.

Debtor sought an order approving his attorney's Chapter 11 fees and authorizing payment of these fees from a $30,000 retainer now held in Mr. Scharff's trust account.  The trustee, among others, objected, and claimed that the funds were not available for that purpose.

The motion for leave to use the funds in the trust account was properly denied because there is a dispute between the trustee and the debtor over the debtor's right to use them.  Specifically, the trustee asserts that the funds are either not property of the estate at all, or, if they are, the transfer of the funds to the debtor (or his attorneys) is avoidable.

Whatever the merits of these assertions, they must be determined in an adversary proceeding.  Fed.R.Bankr.P. 7001.  The issue should not be determined collaterally in the context of a proceeding to approve fees.  The motion to authorize release of the retainer was appropriately denied.  Since the funds could not be released immediately, the Court exercised its discretion in declining to settle the dispute regarding the amount of the fees until a later time.

In encouraging the trustee to initiate appropriate proceedings promptly, the Court does not suggest that only the trustee may initiate an adversary proceeding to address the controversy.

This letter opinion sets out the Court's findings and conclusions. An order consistent with the foregoing has been entered.

Parties and counsel should note that the Court will not consider further motions, requests for clarification, or commentary in this case which do not comply with the Rules of Procedure.

Very truly yours,

FRANK R. ALLEY, III
Bankruptcy Judge

FRA:bdi

cc: Ms. Gail Geiger