UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re: | ) | Bankruptcy Case |
|---|---|---|
| | ) | No. 04-70024-fra7 |
| GEORGE G. NELSON, | ) | |
| | ) | MEMORANDUM OPINION |
| Debtor. | ) | |

Debtor's attorney holds in his trust account a retainer of $31,332.75. The trustee has filed a motion seeking an order requiring turnover of these funds. The attorney opposes the motion, and has renewed his motion for leave to apply these funds toward earned fees exceeding $40,000.00. For the reasons that follow, the trustee's motion is denied, and the attorney's motion is allowed in part and denied in part.

I. BACKGROUND

The funds in question were delivered to the attorney by the debtor. The debtor received these funds as proceeds of loans from one or more affiliates. In August of 2005 the court denied, without prejudice, a motion seeking approval of the attorney's Chapter 11 fees and leave to apply the retainer because there was a dispute between the trustee and the debtor over the debtor's right to use the funds. The trustee at the

Page 1 - MEMORANDUM OPINION

time argued that the funds were either not property of the estate at all, and thus not available to the attorney, or that the transfer of the funds to the debtor, and thereafter to his attorney, was avoidable. The court held that "Whatever the merits of these assertions, they must be determined in an adversary proceeding." In re Nelson, Case No. 04-70024-fra7 (Bankr. D.Or. 8/16/05).

The court's opinion notwithstanding, the parties again seek to establish control over the funds through motion practice. It is sorely tempting to say no once again, and deny all pending motions in favor of the yet to be instituted adversary proceeding. However, the court believes that it has sufficient information upon which to rule, that all parties are subject to the court's *in personam* jurisdiction, and that the interests of justice and judicial economy will be best served by dealing with the matter directly, notwithstanding the case's procedural defects.

## II. DISCUSSION

1. **The funds in the attorney's trust account are property of the estate.** Property of the estate is defined by Code § 541, and includes all property of any sort in which the debtor has an interest. The funds delivered from Mr. Nelson to his attorney were proceeds of a loan. That does not mean that the money was not the debtor's to deliver. Once the money was lent to him, it was, at least as far as this record reflects, his to do with as he saw fit. The fact that there is an offset in debt does not alter the debtor's property rights in the case. The transfer of the funds to the trust account subjected the funds to an attorney's lien, as will be discussed below, but did not alter the essential character of the cash as property of the debtor, and

Page 2 - MEMORANDUM OPINION

subsequently property of the debtor's estate. It follows that the property is subject to turnover pursuant to Code § 542, absent some intervening right, such as a valid lien.

2. **Counsel's disclosure was not inadequate.** It is intimated in the trustee's turnover demand that the attorney's application for compensation is misleading insofar as it provides that no payments were made to the applicant by any third party. While there may be some ambiguity in this context, there is no reason to believe that counsel intended to mislead. There is a distinction to be made between a payment directly from a third party or affiliate, and the application by a debtor of proceeds from a third party. In any event, the court is duly advised in this situation, and finds that there is no occasion to penalize counsel for a confusion.

3. **Debtor's attorney is entitled to a possessory lien under Oregon law.** ORS 87.430 provides as follows:

> An attorney has a lien for compensation whether specially agreed upon or implied, upon all papers, personal property and money of the client in the possession of the attorney for services rendered to the client. The attorney may retain the papers, personal property *and money* until the lien created by this section, and the claim based thereon, is satisfied, and the attorney may apply the money retained to the satisfaction of the lien and claim.

The court has previously indicated that the money held by the attorney was the debtor's money. It is undisputed that it is in the attorney's possession. It follows that the funds are subject to the attorney's possessory lien created by state law. The Bankruptcy Appellate Panel has held that the estate and administrative claimants cannot look to encumbered property to satisfy their claims. In re Dick

Page 3 - MEMORANDUM OPINION

Cepek, Inc., 339 B.R. 730, 737 (9th Cir. BAP 2006). In this case, unlike Dick Cepek, Inc., there was adequate disclosure of the fact that debtor's attorney held funds in his trust account intended to secure payment of his fees. The resulting lien exists as a matter of law. While the court may have the authority to reject the arrangement, *id.* at 741 (Pappas, concurring), that authority should, as a rule, be exercised at the time the attorney is employed, rather than after the work has been done and the fees earned.

4. **Debtor's counsel is entitled to compensation.** Both the trustee and the principal creditor in this case argue that the debtor's attorney should somehow be penalized because, as the trustee puts it, the case should have never been filed in the first place.

It is clear from the record before the court that this Chapter 11 case was commenced in an effort to bring Iskum, debtor's principal creditor, to the bargaining table. At the time the case had been commenced, debtor was subject to an eviction judgment of the state court. There was no reasonable prospect of any relief from the bankruptcy court, given the termination and forfeiture of the debtor's lease. Indeed, on at least one occasion, debtor's counsel readily agreed with this proposition. The case was a last ditch effort to rescue the debtor's business, and the only prospect of reorganization depended on the acquiescence of the landlord/creditor. When it became clear that this cooperation would not be forthcoming, the attempt to reorganize collapsed, and the case ultimately was converted to one under Chapter 7.

The trustee and creditor effectively seek to sanction debtor's attorney for engaging in this sort of desperate tactic. The court has

Page 4 - MEMORANDUM OPINION

previously declined to impose sanctions under Rule 9011, and declines to do so now in the guise of an attack on the debtor's attorney's fees. It is argued that the value of the services of the debtor's attorney must be measured by the benefit of the services to the estate. This is a fine concept in the abstract, but overlooks the fact that attorneys are hired by debtors for the purpose of pursuing the debtor's interest in preserving the debtor's financial position. Debtor's counsel is obligated to render advice in accordance with the client's expressed needs (within, of course, the boundaries of the law) and is obligated to pursue the debtor's interest even where they may be inimical to those of particular creditors, or of creditors generally.

This case is, it must be admitted, a close one. However, the court does not accept the premise that, having elected to engage in--to say the least--hardball tactics, debtor's counsel forfeits any right to compensation. If that were the case, debtors' attorneys would be deterred from taking aggressive positions on behalf of their clients for fear of being penalized for failing to identify a particular creditor's unwillingness to negotiate.

5. **$25,000.00 is a reasonable fee under the circumstances of the case.** The court has reviewed the fee application. There appears to be no particular entry that is untoward, and there is no suggestion that the time claimed was not spent, or that the rate charged is unreasonable. However, Iskum opposed the bankruptcy proceeding at every turn, and made it unmistakably clear to the debtor and his counsel that it would not contemplate further business dealings with the debtor. While counsel should not be penalized for electing the strategy he did, neither should

he be rewarded for hewing to it long past the time it became clear that it would not prevail. Given all the circumstances of this case, it is my conclusion that a reasonable attorney fee for the debtor's attorney for services rendered in connection with the Chapter 11 case should not exceed $25,000.00.

      6. **Under Oregon law the debtor's attorney may, with the court's approval, apply money retained to the satisfaction of his claim.** ORS 87.430. The court notes that this section is not subject to the foreclosure remedies described in ORS 87.455.

### III. CONCLUSION

As previously noted, the appropriate procedure for resolving the parties' disputes regarding the availability of the retainer would have been an adversary proceeding. An adversary proceeding could have been maintained by either the trustee or the attorney, by bringing an action to determine the validity and the extent of the attorney's lien. The parties have declined to do so. The court takes this as a waiver of due process rights they may have had under Part VII of the Bankruptcy Rules of Procedure. An attack on the existence of a secured retainer should have been raised when the attorney first sought employment.

The court believes that $25,000.00, in addition to any sums paid pre-petition, is a reasonable fee. Debtor's counsel may, upon entry of an order, withdraw that sum from his trust account. The balance is to be delivered to the trustee.

The parties should note that this Memorandum Opinion is limited to the attorney's claim for fees in the Chapter 11 case. It is without
// // //

prejudice to any administrative claim he may have with respect to the Chapter 7 case.

This Memorandum Opinion constitutes the court's findings of fact and conclusions of law. The debtor's counsel is requested to submit a form of order consistent herewith.

FRANK R. ALLEY, III
Bankruptcy Judge

Page 7 - MEMORANDUM OPINION